# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUSIE COVERSON, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| INTERFACEFLOR, LLC, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Susie Coverson, by and through undersigned counsel, and files this Complaint for Damages pursuant to the Family Medical Leave Act ("FMLA") against Interfaceflor, LLC ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## FACTUAL ALLEGATIONS

6.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA").

7.

Plaintiff has suffered from serious health conditions, of which Defendant had actual knowledge. In particular, Plaintiff suffers from disabling back issues, including a pinched nerve and bulging discs.

8.

Plaintiff began working for Defendant on September 20, 2010, as an archive operator. Plaintiff was a lab technician at the time of her termination.

9.

Plaintiff was granted intermittent FMLA leave from August 8, 2020, through February 8, 2021, for her disabilities.

10.

Plaintiff took FMLA leave on December 5, 2020.

11.

Plaintiff followed the proper process for taking her FMLA leave, which included calling the Jarrod Baker, the acting manager, to inform him that she would not be coming into work pursuant to her FMLA leave, and calling the Cigna automated system.

12.

Mr. Baker told Plaintiff that her FMLA leave was approved.

13.

Plaintiff came back to work on Monday, December, 8, 2020, and worked through December 16, 2020.

14.

Plaintiff took her earned vacation days from December 16, 2020, through December 29, 2020.

15.

On December 29, 2020, Kelly Enger, the Human Resources Manager, terminated Plaintiff for violating Defendant's attendance policy by being out of work for three consecutive days, from December 3, 2020, to December 5, 2020.

16.

Any reason given for Plaintiff termination is pretext for unlawful intereference with Plaintiff's FMLA rights and/or retaliation for Plaintiff engaging in protected activity under the FMLA.

17.

Defendant availed herself of FMLA protected rights by seeking time off to which she was entitled. Defendant retaliated against Plaintiff for her protected activity by terminating her employment.

18.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

## **CLAIMS FOR RELIEF**

## **COUNTS I & II**

## **(FMLA INTERFERENCE AND RETALIATION)**

19.

Plaintiff repeats and re-alleges paragraphs 6-18 as if set forth fully herein.

20.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

21.

Plaintiff was an eligible employee under the FMLA.

22.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

23.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

24.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

25.

As a result of the termination, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages for lost wages and benefits and prejudgment interest thereon;

(b) Liquidated damages;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f)      Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)      Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h)      All other relief to which she may be entitled.

This 12th day of July, 2021.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Susie Coverson*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com